United States District Court
Southern District of New York
--------------------------------------------------x
Stonestreet Limited Partnership,

<u>Complaint</u>

Plaintiff,

-against-

Armitec, Inc.,

Defendant.
--------------------------------------------------x

Plaintiff Stonestreet Limited Partnership, by its attorneys, for its Complaint herein, respectfully alleges:

<u>the parties</u>

1.      Plaintiff Stonestreet Limited Partnership ("Stonestreet") is a Canadian limited partnership with its principal place of business located in Markham, Ontario, Canada.

2.      Defendant Armitec, Inc. ("Armitec") is a Delaware corporation with its principal place of business located in Smyrna, Georgia.

<u>jurisdiction and venue</u>

3.      This Court has jurisdiction over this matter pursuant to 28 USC §1332(a)(2) in that the controversy is between a citizen of a state and a citizen of a foreign state and the matter

in controversy exceeds the sum of $75,000 exclusive of interest and costs. Venue is proper in this district under 28 USC §1391(a)(3) in that it is a district in which the Defendant is subject to personal jurisdiction and the parties agreed that it is the sole district in which Plaintiff may commence any action against the Defendant.

facts

4.      This is an action to recover payment on two unpaid promissory notes issued by Armitec to Stonestreet which are in default. On or about April 23, 2002, Armitec issued its Secured Convertible Promissory Note in the principal amount of $350,000 (the "April Note") to Stonestreet which had a stated maturity date of April 23, 2004. A copy of the April Note is annexed hereto as Exhibit A. The April Note provided for interest at the rate of 7% per annum except that upon the occurrence of an event of default, interest would accrue thereafter at the rate of 15% per annum until the April Note was paid in full. (See April Note §1.2). The events of default are set forth in §2.1 of the April Note. Because Armitec was required to register the shares into which the April Note was convertible at Stonestreet's option, Armitec's failure to file certain documents which were required for a successful registration of the Armitec shares was included among the events of default under the April Note.

5.      Among Armitec's many defaults under the April Note, including its failure to pay interest at any time and its failure to pay the April Note on its stated maturity date, the earliest defaults occurred on June 20, 2002 when Armitec failed to file its form 8 K/A with audited

financial statements and failed to file its Registration Statement prior to July 1, 2002. (See April Note §2.1(c)(i) and (iii).

6.      Under the terms of the April Note, therefore, Stonestreet is entitled to recover the sum of $459,095 through June 22, 2004 ($350,000 principal, plus $4,095 interest at the rate of 7% per annum from April 23, 2002 until June 22, 2002, plus $105,000 interest at the rate of 15% per annum from June 23, 2002 through June 22, 2004) with interest continuing to accrue at the rate of $4,375 per month until the April Note is paid in full, plus reasonable attorneys' fees and the costs and disbursements of this action (see April Note §4.5).

7.      On or about August 16, 2002, Armitec issued its Secured Convertible Promissory Note in the principal amount of $300,000 (the "August Note") to Stonestreet which had a stated maturity date of August 15, 2004. A copy of the August Note is annexed hereto as Exhibit B. The August Note provided for interest at the rate of 7% per annum except that upon the occurrence of an event of default, interest would accrue thereafter at the rate of 15% per annum until the August Note was paid in full. (See August Note §1.2). Upon the occurrence of an event of default, Stonestreet may also declare the principal of the August Note and all accrued interest due and payable. (August Note §2.2). The events of default are set forth in §2.1 of the August Note. Because Armitec was required to register the shares into which the August Note was convertible at Stonestreet's option, Armitec's failure to file certain documents which were required for a successful registration of the Armitec shares was included among the events of default under the August Note.

8.      Among Armitec's many defaults under the August Note, including its failure to pay interest at any time, the earliest defaults occurred on September 15, 2002 when Armitec failed to file its Registration Statement prior to that date (See August Note §2.1(c)(ii)).

9.      Under the terms of the August Note, therefore, Stonestreet is entitled to recover the sum of $380,490 through June 15, 2004 ($300,000 principal, plus $1,740 interest at the rate of 7% per annum from August 16, 2002 until September 15, 2002, plus $78,750 interest at the rate of 15% per annum from September 16, 2002 through June 15, 2004) with interest continuing to accrue at the rate of $3,750 per month until the August Note is paid in full, plus reasonable attorneys' fees and the costs and disbursements of this action (see August Note §4.5).

10.      Armitec agreed in writing to be bound by New York law and further agreed to the exclusive jurisdiction of the United States District Court for the Southern District of New York (and the New York State Courts located in New York County) to bring suit on both notes. Thus §4.2 of both the April and August Notes provides:

> "Governing Law. This Note shall be governed by and construed in accordance with the internal laws of the State of New York, without giving effect to the choice of law provisions."

Both Notes provide in §4.9 as follows:

> "Consent to Jurisdiction. Each of the Maker and the holder (i) hereby irrevocably submits to the exclusive jurisdiction of the United States District Court sitting in the Southern District of New

4

York and the courts of the State of New York located in New York county for the purposes of any suit, action or proceeding arising out of or relating to this Note and (ii) hereby waives, and agrees not to assert in any such suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such court, that the suit, action or proceeding is brought in an inconvenient forum or that the venue of the suit, action or proceeding is improper."

First Claim for Relief
(Recovery on the April Note)

11.     Plaintiff realleges paragraphs 1 through 10.

12.     Armitec is in default under the terms of the April Note.

13.     As a result of such default, Stonestreet is entitled to $459,095 through June 22, 2004 with interest continuing to accrue at the rate of $4,375 per month until the April Note is paid in full, plus reasonable attorneys' fees and the costs and disbursements of this action.

Second Claim for Relief
(Recovery on the August Note)

14.     Plaintiff realleges paragraphs 1 through 10.

15.     Armitec is in default under the terms of the August Note.

16.     As a result of such default, Stonestreet is entitled to $380,490 through June 15, 2004 with interest continuing to accrue at the rate of $3,750 per month until the August Note is paid in full, plus reasonable attorneys' fees and the costs and disbursements of this action.

Wherefore, Plaintiff Stonestreet Limited Partnership demands judgment against Defendant Armitec, Inc.

i) on the first claim for relief in the amount of $459,095 through June 22, 2004 with interest continuing to accrue thereafter at the rate of $4,375 per month until the April Note is paid in full;

ii) on the second claim for relief in the amount of $380,490 through June 15, 2004 with interest continuing to accrue thereafter at the rate of $3,750 per month until the August Note is paid in full;

iii) on both claims for relief, for reasonable attorneys' fees and interest;

iv) the costs and disbursements of this action; and

v) such other, further and different relief as the Court deems just and proper.

Law Offices of Kenneth A. Zitter

By_____
     Kenneth A. Zitter
Attorneys for Plaintiffs
260 Madison Avenue
New York, NY 10016
212-532-8000
KAZ-3195